THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-00453-BR

| | | |
|---|---|---|
| ALVIN L. BESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| COUNTY OF CUMBERLAND, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant County of Cumberland's Motion to Compel [DE-38] and Plaintiff Alvin L. Bess' two Motions to Compel [DE-48 & 50]. These three motions are currently ripe for review and, accordingly, Senior Judge Britt has referred them to the undersigned for disposition.

**STATEMENT OF THE CASE**

Plaintiff Alvin L. Bess ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed the original Complaint [DE-5] in this action on November 4, 2010 against the following five Defendants: (1) County of Cumberland, Board of Commissioners, North Carolina; (2) James Martin; (3) James Lawson; (4) Tomas Lloyd; and (5) Richard Heicksen. On December 9, 2010, in lieu of an answer, these five Defendants filed a collective Motion to Dismiss [DE-11] pursuant to Federal Rule of Civil Procedure 12(b)(6), which was granted in part and denied in part by Order [DE-18] of Senior Judge Britt on July 25, 2011. As a result, pursuant to Senior Judge Britt's directive, Defendant County of Cumberland, Board of Commissioners, North Carolina was dismissed from this action and Defendant County of Cumberland was substituted in its

1

place.  Thereafter, Defendant County of Cumberland, along with Defendants Heicksen, Lawson, Lloyd, and Martin, collectively filed an Answer [DE-21] on August 8, 2011.

Concurrently, on August 25, 2011, in a separate action filed by Plaintiff against Defendant County of Cumberland, Defendant County of Cumberland had also filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  *See Bess v. County of Cumberland, North Carolina*, No. 5:11-CV-00388-BR, DE-11.  That motion was granted in part and denied in part by Senior Judge Britt on October 11, 2011, by way of an Order which was docketed in both that action [No. 5:11-CV-00388-BR, DE-24] and the instant action [DE-33].  Therein, Senior Judge Britt consolidated the other action with the instant one under the instant caption, clarified that "the only surviving claims are plaintiff's claims against the County for race discrimination (i.e., disparate treatment) under Title VII, race retaliation under Title VII, and disability retaliation under the ADA," and dismissed *all other* claims against Defendant County of Cumberland as well as *all* claims against Defendants Heicksen, Lawson, Lloyd, and Martin.  Oct. 11, 2011 Order at 21 [DE-33].  Accordingly, Defendant County of Cumberland is the only remaining Defendant in this action, and will hereinafter be referred to as simply "Defendant."  Also on October 11, 2011, the Complaint that had previously been filed in the other action was docketed as a Supplemental Complaint [DE-34] in the instant action, pursuant to Senior Judge Britt's directive, to which Defendant replied [DE-36] on October 25, 2011.

A Scheduling Order [DE-29] was entered on September 20, 2011, setting a discovery deadline of December 30, 2011 and a dispositive motions deadline of January 30, 2012.  The trial of this matter is currently set for August 6, 2012 in front of Senior Judge Britt.  On November 9, 2011, Defendant filed a Motion to Compel [DE-38], to which Plaintiff responded [DE-42, 43, & 44] on November 18, 2011.  On January 12, 2012, Plaintiff filed a Motion to

Compel [DE-48], to which Defendant responded [DE-49]. On January 30, 2012, Plaintiff filed a second Motion to Compel [DE-50], to which Defendant also responded [DE-51] and Plaintiff replied [DE-52]. These three motions are currently ripe for review and before the undersigned for disposition.

## DISCUSSION

**1. Defendant's Motion to Compel [DE-38]**

In its motion to compel, filed on November 9, 2011, Defendant asks that the Court allow counsel for Defendant to conduct a second deposition of Plaintiff and to direct that, at such deposition, Plaintiff be required to "adequately, completely, and properly answer deposition questions posed by counsel for Defendant." Def.'s Mot. to Compel at 3 [DE-38]. In addition, Defendant asks that the discovery deadline be extended until four months after such date as the Court rules on the instant motion to compel, and that the dispositive motions deadline be extended until one month after such new discovery deadline. Finally, Defendant requests that the Court impose sanctions in the form of attorney's fees and costs incurred regarding the filing of the instant motion to compel as well as at Plaintiff's initial deposition. In support of its requests, Defendant asserts that, at his initial deposition conducted on October 5, 2011, Plaintiff "objected to the overwhelming majority of Defendant's questions and failed to answer them." *Id.* at 2. Defendant has provided the Court with a copy of the deposition transcript, *see* Mem. in Supp. of Mot. to Compel, Ex. A [DE-39-1], and has listed numerous examples of Plaintiff's refusal to answer questions.

In response, Plaintiff argues that Defendant's motion "does not include an honest certification as 'the movant has [not] in good faith conferred or attempted to confer with a party who failed to make disclosure or discovery.'" Pl.'s Resp. to Def.'s Mot. to Compel at 1 [DE-42].

3

In addition, Plaintiff appears to assert that his answers to questions at the deposition were, in fact, "clear, adequate, complete, proper, honest, and certain," *id.* at 2, and that, among other things, Defendant's counsel is attempting to mislead the Court, was ill-prepared for the October 5, 2011 deposition, improperly left the room during the deposition, improperly ended the deposition prematurely, and has previously been the subject of professional misconduct allegations.

The Federal Rules of Civil Procedure provide for a broad scope of discovery, and parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). As this Court recently observed:

> While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" The district court has broad discretion in determining relevance for discovery purposes.
>
> Rule 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Although addressed specifically to the circumstance in which a deponent is represented by counsel, the provision applies equally to a deponent who is a pro se litigant, as here. Thus, under Rule 30(c)(2), "a deponent may refuse to answer a question during a deposition only for one of the three listed reasons: the preservation of privilege, the enforcement of a court-directed limitation, or the presentation of a motion under Rule 30(d)[(3)] to terminate a deposition that is being conducted in bad faith or in manner that unreasonably annoys, embarrasses, or oppresses the deponent or a party." . . .
>
> When a deponent fails to answer a question at a deposition, a party may move for an order compelling an answer. An evasive or incomplete answer is treated as a failure to answer. If the motion is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant filed the motion before attempting in good faith to obtain the discovery without court action, the deponent's failure to answer was substantially justified, or other circumstances make an award of expenses unjust.

4

*Lawrence v. Tiger Swan, Inc.*, No. 5:10-CV-379-BO, 2012 WL 34221, at *2-3 (E.D.N.C. Jan. 6, 2012) (Gates, J.) (citations omitted). Accordingly, a deponent may not object to questions for no reason at all and, if he or she nonetheless does so, the deposing party may properly move for an order compelling response.

Here, the Court has reviewed the transcript of Plaintiff's October 5, 2011 deposition and finds that Plaintiff, for all intents and purposes, failed to provide meaningful responses to the vast majority of the questions posed by counsel for Defendant. Few, if any, of Plaintiff's failures to answer the questions posed could conceivably be attributed to any attempt to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Instead, Plaintiff objected to even the most basic of questions for unexplained reasons.[1] Many, if not most, of Plaintiff's objections were to questions which appear to relate to the core of the claims that Plaintiff has asserted and, therefore, Plaintiff's objections have

---

[1] By brief way of example, the Court notes the following particularly egregious series of questions and answers:

Q: At any time that you were working under the supervision of Mr. Rick Heicksen for Cumberland County, did you have any discussions with him about your job performance?
A: Objection; vague.
Q: At any time that you were employed with Cumberland County, under the supervision of Mr. Rick Heicksen, did you have any communication with him, whether verbally or in writing, about your job performance?
A: Objection; question is leading.
Q: At any time while you were employed with Cumberland County, and under the supervision of Mr. Rick Heicksen, did you receive a written performance evaluation?
A: Objection; leading.
Q: Were you terminated from employment from Cumberland County?
A: Objection; vague.
Q: Were you fired from Cumberland County?
A: Objection; vague.
Q: Do you know the names of any of the county—Cumberland County employees who were involved in any decision to terminate your employment with Cumberland County?
A: Objection; question assumes facts that aren't in the evidence.
Q: While you were employed with Cumberland County, under the supervision of Mr. Rick Heicksen, did you ever make any complaints about the conditions of your employment to anyone?
A: Objection; question is leading.

Mem. in Supp. of Mot. to Compel, Ex. A at 14-15.

effectively prevented Defendant from obtaining a significant amount of relevant discovery to which it is entitled. Therefore, as nothing in Plaintiff's response is persuasive to the contrary, the Court finds that Defendant's motion to compel is appropriate and that Plaintiff should be required to respond.

Accordingly, Defendant's Motion to Compel [DE-38] is **GRANTED**. Defendant may conduct a second deposition of Plaintiff, which shall be noticed and conducted in accordance with all applicable rules. Plaintiff is **DIRECTED** to attend this second deposition and provide truthful and complete answers to all questions asked unless his refusal to answer is permissible under Rule 30. The questions that Plaintiff must answer include, but are not limited to, any questions that were asked by counsel for Defendant at the October 5, 2011 deposition which related to claims that are still pending in this action.[2] Failure by Plaintiff to attend this second deposition or to answer questions as directed may subject him to the imposition of sanctions.

As for Defendant's request to extend the discovery and dispositive motions deadlines, the Court finds that some extension of these deadlines will naturally be necessary in order to allow Defendant to conduct a second deposition of Plaintiff. However, as Defendant has not indicated that any further discovery beyond the second deposition is contemplated at this time, the requested four and five month extensions, respectively, appear to be excessive. Instead, the Court finds that forty-five (45) days should provide more than enough time to notice and conduct a second deposition of Plaintiff and, therefore, all discovery shall be completed by **April 30, 2012** and any potential dispositive motions shall be filed by **May 30, 2012**. As a result of these

---

[2] The Court notes that the October 5, 2011 deposition was conducted six days before Senior Judge Britt's order which dismissed a number of claims against Defendant. *See* Oct. 11, 2011 Order. As a result, at that deposition, Defendant was also seeking relevant information regarding claims that have since been dismissed and, therefore, counsel for Defendant is reminded that not all previously asked questions will necessarily be permissible at the second deposition.

6

Case 5:10-cv-00453-BR   Document 53   Filed 03/15/12   Page 6 of 10

extensions, the trial of this matter is hereby **CONTINUED** to Senior Judge Britt's **October 1, 2012** term.

As for Defendant's request that the Court impose sanctions in the form of attorney's fees and costs, the Court finds that Plaintiff is correct that Defendant has failed to include in its motion to compel any certification that it attempted in good faith to resolve this discovery dispute prior to filing the motion. Given the nature of the dispute, the Court concedes that any such attempt would likely have been futile and thus finds it appropriate to resolve the dispute on the merits. However, as a result of this omission, and giving due regard to Plaintiff's *pro se* status, the Court also declines Defendant's suggestion that the Court impose sanctions on Plaintiff at this time. However, Plaintiff is cautioned that, should he fail to comply with all directives in the Court's order regarding his second deposition, the issue of imposition of sanctions may be revisited.

   2. **Plaintiff's two Motions to Compel [DE-48 & 50]**

In his first motion to compel, filed on January 12, 2012, Plaintiff asks that the Court issue "an Order compelling Defendant County of Cumberland to comply with the Court Order so dated the 20th day of September, 2011, so Ordered by the Honorable United States Magistrate Judge David W. Daniels [sic] and for an Order sanctioning Defendant County of Cumberland for not obeying a Discovery Order." Pl.'s First Mot. to Compel at 1 [DE-48]. To that end, Plaintiff asserts that the discovery deadline in the instant action, as established in the undersigned's September 20, 2011 scheduling order, was December 30, 2011 and that Defendant failed to comply with that deadline. More particularly, Plaintiff asserts that Defendant "failed to obey 'discovery' on the submitted Civil Form 52, forty (40) subjects." *Id.* at 5-7. As a result, Plaintiff seeks a variety of relief, including dismissal of the instant action. In response, Defendant notes

that the forty (40) subjects on which Plaintiff claims Defendant has failed to produce discovery are not subjects on which Plaintiff has actually *conducted* any type of discovery, and that Plaintiff, in fact, has not propounded any interrogatories, requested any documents, or scheduled any depositions on these or any other subjects. Rather, Defendant points out that Plaintiff's only previous mention of these forty (40) subjects was the listing of topics on which Plaintiff stated additional discovery was needed, as contained in Plaintiff's individual Rule 26(f) Report [DE-27].

In his second motion to compel,[3] filed on January 30, 2012, Plaintiff essentially reiterates his belief that he has previously requested discovery on the forty (40) subjects, that Defendant is in possession of the requested information but has not provided it, and that, thus, Defendant has failed to comply with the Court's scheduling order. In response, Defendant simply points out once again that Plaintiff has not actually *conducted* any discovery whatsoever and that, therefore, Defendant has not heretofore been obligated to provide him with any discovery on these forty (40) subjects.

The Court finds that Defendant is correct that Plaintiff has not actually *conducted* any type of discovery regarding the forty (40) subjects on which Plaintiff claims Defendant has failed to produce discovery and that, therefore, Defendant has not failed to comply with any actual discovery obligations. Plaintiff is correct that, in his individual Rule 26(f) report, he provided a listing of the forty (40) subjects on which he wished to conduct discovery. *See* Pl.'s Indiv. Rule 26(f) Report at 1-4 [DE-27]. However, such listing did not impose any obligation on Defendant to produce any information or documents, nor did it limit Plaintiff to only these

---

[3] The Court does note that Plaintiff has captioned his second motion to compel as both a motion to compel and as a "Request for Reproduction," but the Court is unable to discern what Plaintiff might have meant by such caption and, thus, simply treats it as a second motion to compel.

subjects. Instead, such listing merely served to put Defendant on notice of the types of information Plaintiff was likely to be requesting during the course of discovery. Nothing in such listing relieved Plaintiff of his obligation under the Federal Rules of Civil Procedure to formally request discovery by, for example, propounding interrogatories to Defendant, requesting the production of documents, or scheduling depositions.

Accordingly, Plaintiff's two Motions to Compel [DE-48 & 50] are **DENIED**. However, no prejudice to Plaintiff shall result because, though the initial discovery deadline has already passed, the Court has already extended the discovery and dispositive motions deadlines, *see supra* section 1, and Plaintiff will be free to formally request discovery during the extended time frame, on whatever topics and utilizing whatever method(s) he might desire, so long as he does so properly under the scheduling order and all applicable rules. Similarly, the Court notes that, having reviewed the brief responses to Plaintiff's forty (40) subjects offered by Defendant in its response to Plaintiff's first motion to compel, *see* Def.'s Resp. to Pl.'s First Mot. to Compel at 2-5 [DE-49], it does not appear that production of any of the requested material would be unduly burdensome to Defendant.

## CONCLUSION

For the foregoing reasons, in sum, the three outstanding motions are resolved as follows:

1. Defendant's Motion to Compel [DE-38] is **GRANTED**.
2. Defendant may conduct a second deposition of Plaintiff, which shall be noticed and conducted in accordance with all applicable rules. Plaintiff is **DIRECTED** to attend this second deposition and provide truthful and complete answers to all questions asked unless his refusal to answer is permissible under Rule 30.

9

3. All discovery shall be completed by **April 30, 2012** and any potential dispositive motions shall be filed by **May 30, 2012**.

4. The trial of this matter is hereby **CONTINUED** to Senior Judge Britt's **October 1, 2012** term.

5. Plaintiff's two Motions to Compel [DE-48 & 50] are **DENIED**.

This the 15th day of March, 2012.

*[signature]*

_____
DAVID W. DANIEL
United States Magistrate Judge

10

Case 5:10-cv-00453-BR   Document 53   Filed 03/15/12   Page 10 of 10